**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. MICHELLE BELGARD,<br>　　　　　Petitioner,<br><br>　　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DOCKET NUMBER<br>CB-1208-15-0008-U-1<br><br><br>DATE: December 10, 2014 |

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

<u>Martha Sheth</u>, Esquire, Washington, D.C., for the petitioner.

<u>Chung-Hi Yoder</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Mark A. Robbins, Member

### ORDER ON STAY REQUEST

¶1　　　Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the agency's removal of Dr. Michelle Belgard while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ANALYSIS

¶2        Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of a personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Office of Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶3        As OSC states, to establish a prima facie violation of 5 U.S.C. § 2302(b)(8), it must demonstrate that: (1) the employee made a disclosure of information that she reasonably believed evidenced any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety; (2) the agency official or officials exercising personnel action authority had knowledge of the employee's disclosure; (3) a personnel action was threatened or taken; and (4) the protected disclosure was a contributing factor in the personnel action. *See Office of Special Counsel ex rel. Aran*, 115 M.S.P.R. 6, ¶ 7.

¶4        In its December 9, 2014 stay request, OSC alleges that Dr. Michelle Belgard was appointed by the Department of Justice, Federal Bureau of Prisons, as a physician in July 2013. OSC also alleges that shortly after her appointment, Dr. Belgard began disclosing concerns to her supervisors about conditions she observed and that she subsequently disclosed her supervisors' failure to adequately address those concerns. OSC alleges that, after Dr. Belgard began making her disclosures, her supervisor gave her a low performance evaluation and removed duties from her responsibility. OSC further alleges that Dr. Belgard

was removed from her position in July 2014 for "unacceptable conduct."[2] OSC asserts that it has reasonable grounds to believe that Dr. Belgard made protected disclosures, relevant agency officials were aware of those disclosures, and the protected disclosures were a contributing factor in her removal.

¶5 Given the deference that is generally afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency removed Dr. Belgard based on her protected disclosures in violation of 5 U.S.C. § 2302(b)(8).

## ORDER

¶6 Based on the foregoing, I conclude that granting OSC's stay request is appropriate. Accordingly, a 45-day stay of Dr. Belgard's removal is GRANTED. The stay shall be in effect from December 10, 2014, through and including January 23, 2015. It is further ORDERED that:

(1) Dr. Belgard shall be reinstated to her former position, at the same location, with the same duties and responsibilities, and at the same salary and grade level that she had prior to her removal.

(2) The Department of Justice shall not effect any change in Dr. Belgard's duties and responsibilities that is inconsistent with her salary or grade level or impose upon her any requirement that is not required of other employees of comparable position, salary, or grade level;

---

[2] In its stay request, OSC refers to the agency's July 2014 action as either a "removal" or a "probationary removal." I am unable to determine with certainty from the facts alleged by OSC whether the agency's action constituted the removal of a tenured employee or the termination of a probationary employee. I need not determine the precise nature of the agency's action, however, in order to act on OSC's stay request. The use of the term "removal" in this Order should not be construed as a finding that the agency's action constituted a removal under 5 U.S.C. chapter 75, subchapter II.

(3) Within 10 working days of this Order, the Department of Justice shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before January 8, 2015. *See* 5 C.F.R. § 1201.136(b). Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before January 15, 2015.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.